## JOHN A. NEWCOMB v. STATE.

No. A-3993.   Opinion Filed April 10, 1923.
(213 Pac. 906.)

(Syllabus.)

1.   **Trial—Instruction on Law of Alibi Approved.** Instruction on the law of alibi examined and held not to place the burden of proof upon .the defendant.

2.   **Trial—Instruction not Objectionable as Comment on Weight of Evidence—Larceny.** Instruction relative to the possession of stolen property examined, and held not objectionable as a comment on the weight of the evidence.

3.   **Instruction Approved.** For an instruction held properly to admonish the jury as to its duties and not prejudicial to the substantial rights of the defendant, see body of opinion.

4.   **Overruling of New Trial not Prejudicial.** There was no abuse of judicial discretion in overruling the motion for a new trial on the ground of. newly discovered evidence.

Appeal from District Court, Grady County; James I. Phelps, Judge.

John A. Newcomb was convicted of larceny of an automobile, and he appeals.   Affirmed.

P. W. Cress, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J.   This is an appeal from the district court of Grady county wherein the defendant was on the 26th day of January, 1921, adjudged guilty of the crime of larceny of an automobile and sentenced to serve a term of five years' imprisonment in the state penitentiary.   Petition in error with case-made attached was filed in this court on June 6, 1921, and the appeal is properly before this court for review.

We deem it unnecessary to enter into an extended discussion of the facts in this case.   The evidence is somewhat

complicated, but we consider it sufficient to sustain the conviction.

Some of the questions involved are decided adversely to the contentions of counsel in the case of John A. Newcomb v. State, 23 Okla. Cr. 172, 213 Pac. 900, opinion this day rendered, and it will not be necessary to refer to such alleged errors in this opinion.

The defense relied upon was that the defendant had purchased the car in question from one Ira Foster in the city of Anadarko, Okla., in the morning of the day that the state contends the car was stolen between the hours of 8 and 10 o'clock in the evening thereof. In addition to the evidence of purchase of the car the defendant also introduced evidence to show that he was at another and different place on the evening of the day the car was stolen, and that it was impossible for him to have been the thief. Relative to the defense interposed, the trial court gave the following instruction, which was excepted to by the defendant:

"No. 5. You are further instructed that the defendant not only denies having stolen the automobile in question, but claims that on the date the automobile was alleged to have been stolen that he was in another and different place than that where the automobile was stolen, to wit, in Anadarko, Caddo county, Okla., and that he purchased said car from one Ira Foster in Anadarko, Okla., and in this connection you are instructed that if you believe that the defendant, at the time the car was stolen, was in another and different place than the place where the automobile was stolen, or if you have a reasonable doubt as to whether the defendant was in Grady county at the time the car was stolen, or if you have a reasonable doubt as to whether he purchased said car from Ira Foster, then you should give him the benefit of the doubt and return a verdict of not guilty."

It is contended that the foregoing instruction is indefinite and places the burden of proof upon the defendant. Similar instructions on the law of alibi have been approved by this court in the following cases: Thompson v. State, 6 Okla. Cr. 50, 66, 117 Pac. 216, 223; Spess v. State, 20 Okla. Cr. 94, 201 Pac. 395, 396.

The instruction is not open to the objection urged that it places the burden of proof upon the defendant.

It is also contended that the court erred in giving to the jury instruction No. 6, which is as follows:

"No. 6. You are further instructed that, if you find and believe beyond a reasonable doubt that said car was stolen, and that after it was stolen the same was found in the possession of the defendant, you may consider his possession of said car as a circumstance, together with all the other evidence, facts, and circumstances in the case, in determining the guilt or innocence of the defendant."

Said instruction was objected to on the ground that the same did not state the law applicable to the possession of stolen property and was a comment on the weight of the evidence. Counsel does not point out wherein said instruction amounted to a comment on the weight of evidence. We do not consider such instruction a comment upon the weight of the evidence. The court merely told the jury that, if they believed beyond a reasonable doubt that the car was stolen, and that after it was stolen the same was found in the possession of the defendant, they might consider his possession as a circumstance in determining his guilt or innocence. The court left to the jury the right to give that circumstance such weight as the jury might see fit.

The defendant was in no way prejudiced by the giving of instruction No. 6.

Instruction No. 9 is also complained of, which instruction is as follows:

"No. 9.   You are further instructed that, after listening to the argument of counsel, it is your duty to retire and begin your deliberations, and, after you have retired, you will select one of your number as foreman, who alone will sign the verdict.   Proper forms of verdict will be furnished you for your convenience.   It will be necessary for all 12 of you to agree before you can reach a verdict in this case, and, when you have arrived at a verdict, your foreman will sign the same, and you will return into court in a body.   You must not cast lots or use any other method or means of chance in arriving at your verdict, but the same must be the individual judgment of each juror, based upon the law and the evidence in the case, and concurred in by all of you.   You must let no feeling of sympathy, sentiment, or prejudice enter into your deliberations, but must discharge your duty as jurors faithfully, honestly, impartially, and conscientiously, and return such verdict as the evidence warrants when measured by these instructions."

The last instruction was objected to upon the ground that it was contradictory and an invasion of the province of the jury.   We consider the instruction to properly admonish the jury as to its duties and clearly not prejudicial to the substantial rights of the defendant.

The principal contention relied upon in the oral argument in this case was that the trial court erred in overruling the defendant's supplemental motion for a new trial on the ground of newly discovered evidence.

The alleged newly discovered evidence was that of the affiant C. C. Russell, whose affidavit was filed in support of the motion.   In this affidavit Russell swears that he stole the car in question on the night of the day before the prosecuting witness claims that it was stolen, and that he sold it

to Newcomb in the city of Anadarko the next morning and received the sum of $500 for the same. This witness Russell is the same man who figures so prominently in the trial of the other conviction of this defendant in case No. A-3994, 23 Okla. Cr. 172, 213 Pac. 900, this day decided. The trial court very properly overruled this motion. We are convinced that the relations existing between Russell and the defendant Newcomb, as disclosed by these convictions, were so intimate, and had been for some time prior to the trial of this case, that it was either impossible for the affidavit of Russell to have been true, or, on the other hand, for the evidence to have been newly discovered. The peculiar circumstances under which it is disclosed by this record that the evidence was alleged to have been discovered would so clearly impeach its probative force as to render it of little value in a subsequent trial. Such was the opinion of the trial judge, and it is the opinion of this court that, should such evidence be introduced on another trial of this defendant, no different result would ensue. The motion was addressed to the discretion of the trial court, and we find no abuse of discretion in denying a new trial because of newly discovered evidence.

The judgment is affirmed.

BESSEY and DOYLE, JJ., concur.